IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **05-61400**

**CIV - HUCK**

ASSOCIATION FOR DISABLED
AMERICANS, INC. and P.
MICHELLE WISNIEWSKI,

    Plaintiffs,

vs.

GATOR JACARANDA, LTD. d/b/a
"Jacaranda Square," "Gator
Jacaranda Square Limited
Partnership," "Gator Development
Corp.," "Gator Investments,"
GATOR JACARANDA SQUARE,
INC., GATOR JACARANDA
SQUARE LIMITED PARTNERSHIP,
PAMPER ME ALWAYS DAY SPA,
INC., d/b/a "Pamper Me Always,"
and THAI THAI, INC., d/b/a "Thai
Thai Restaurant,"

    Defendants.

MAGISTRATE JUDGE
SIMONTON



## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs, the ASSOCIATION FOR DISABLED AMERICANS, INC., and

P. MICHELLE WISNIEWSKI, (hereinafter, "Plaintiffs"), hereby jointly sue the

Defendants, GATOR JACARANDA, LTD. d/b/a "Jacaranda Square," "Gator

Jacaranda Square Limited Partnership," "Gator Development Corp.," and

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

Case 0:05-cv-61400-PCH   Document 1   Entered on FLSD Docket 08/23/2005   Page 2 of 19
*Assoc. Dis. Amer., Inc., et al v. Gator Jacaranda, Inc., et al*
COMPLAINT FOR INJUNCTIVE RELIEF                                                                                    PAGE 2

"Gator Investments," GATOR JACARANDA SQUARE, INC., GATOR JACARANDA SQUARE LIMITED PARTNERSHIP, PAMPER ME ALWAYS, INC., d/b/a "Pamper Me," and THAI THAI INC., d/b/a "Thai Thai Restaurant," (hereinafter sometimes collectively referred to as "Defendants"), for **preliminary** and **permanent** injunctive relief for access and barrier removal pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), and Rule 65 of the Federal Rules of Civil Procedure, at a property bearing the name "Jacaranda Square," a shopping plaza and related facilities located at Parcel 254 of JACARANDA PARCEL, according to the Plat thereof, recorded in Plat Book 119, Page 16 of the Public Records of Broward County, Florida containing Pamper Me, a beauty salon/spa, located at 1937 N. Pine Island Rd., Plantation, Florida, and Thai Thai Restaurant, located at 1861 N. Pine Island Rd., Plantation, Florida, all Defendants collectively located in the shopping plaza known as the "Jacaranda Square Shopping Center" at 8701 West Sunrise Blvd., Plantation, Florida (hereinafter referred to as the "Subject Premises").

---

[1] Florida Statutes Title XXXIII, Part 4, Chapters 553.501 through 553.513 and Florida Building Code Chapter 11.

Case 0:05-cv-61400-PCH   Document 1   Entered on FLSD Docket 08/23/2005   Page 3 of 19
*Assoc. Dis. Amer., Inc., et al v. Gator Jacaranda, Inc., et al*
COMPLAINT FOR INJUNCTIVE RELIEF                                                                    PAGE 3

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Broward County, Florida, and the subject Premises is in Broward County, Florida.

## PARTIES

4. Plaintiff, the Association for Disabled Americans, Inc., (hereinafter "the Association"), is a non-profit corporation organized and existing under the laws of the State of Florida. The Association's members, which includes the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC. The Association seeks to improve the economic and societal opportunities of its members by providing counseling and other services to its members as well as, when required, enforcing the legal rights to access for its members in order to facilitate their participation and integration into society. In so doing, the Association seeks to assure that

public spaces and commercial premises are accessible to, and usable by, its members in the future; to assure its members that they will not be excluded from participation in, or be denied the benefits of, the services, programs or activities of public accommodations; and, to assure its members that they are not discriminated against because of their disabilities. The Association and its members have suffered direct and indirect injury as a result of the Defendants' discriminatory practices described more fully herein, and will continue to suffer such injury and discrimination without the relief provided by the ADA and the FACBC as requested herein. Defendants' discriminatory practices have forced the Association to divert resources from its counseling and other programs, thereby perceptibly impairing the Association's ability to provide services to its members and directly frustrating one of the goals of the Association – to facilitate access and integration for its members. The Association has also been discriminated against because of its association with its members and their claims.

5.     Plaintiff P. Michelle Wisniewski is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC. More specifically, Plaintiff Wisniewski suffers from, *inter alia*, acute respiratory failure and requires a motorized scooter to ambulate. Ms. Wisniewski has been denied access to the premises as set forth, *inter alia*, in paragraphs 20 and 34 herein, and who will continue to be denied access

Case 0:05-cv-61400-PCH   Document 1   Entered on FLSD Docket 08/23/2005   Page 5 of 19
*Assoc. Dis. Amer., Inc., et al v. Gator Jacaranda, Inc., et al*
COMPLAINT FOR INJUNCTIVE RELIEF                                                                PAGE 5

without the injunctive relief requested herein. In or about August 2004, Ms. Wisniewski attempted to visit the subject premises but was denied access thereto and has been denied the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants, due to the architectural barriers to access she encountered. Ms. Wisniewski, a resident of South Florida will regularly visit the subject premises once the architectural and other barriers to access therein are removed.

**6.** The Defendant, Gator Jacaranda, Ltd., is the owner, operator, and/or lessor of the real property and improvements which are the subject of this action, a shopping plaza and related facilities located at 8701 W. Sunrise Blvd., Plantation, Florida.[2] Gator Jacaranda, Ltd. is a Florida limited partnership that is authorized to, and which transacts, business in the State of Florida and does business as and/or through "Jacaranda Square,"[3] "Gator Jacaranda Square Limited Partnership," "Gator Development Corp.,"[4] and/or "Gator Investments."[5]

---

[2] Parcel 254, JACARANDA PARCEL, Plat Book 119, Page 16, Public Records, Broward County, Florida

[3] "Jacaranda Square" is a fictitious name registered in the State of Florida to Gator Jacaranda, Ltd.

[4] "Gator Development Corp." is a New York corporation authorized to do business in the State of Florida.

[5] "Gator Investments" is a fictitious name registered in the State of Florida to Gator Development Corp.

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

Case 0:05-cv-61400-PCH   Document 1   Entered on FLSD Docket 08/23/2005   Page 6 of 19

*Assoc. Dis. Amer., Inc., et al v. Gator Jacaranda, Inc., et al*
COMPLAINT FOR INJUNCTIVE RELIEF                                                                                      PAGE 6

7.  The Defendant Gator Jacaranda Square, Inc. is the owner, operator or lessor of the Subject Premises and is the General Partner of Defendant Gator Jacaranda, Ltd. Gator Jacaranda Square, Inc. is a Florida corporation that is authorized to, and which transacts, business in the State of Florida.

8.  The Defendant Gator Jacaranda Square Limited Partnership also known as "Gator Jacaranda Square Limited Partnership, Inc." is the owner, operator or lessor of the Subject Premises.

9.  The Defendant, Pamper Me Always, Inc., is the operator, owner and/or lessee of the business entity located at 1937 N. Pine Island Road, Plantation, Florida, and which bears the business name "Pamper Me," a beauty salon, spa and manicure establishment. Defendant is also the registered owner of the Trademark "Pamper Me." Pamper Me Always, Inc. is a Florida corporation that is authorized to, and which transacts, business in the State of Florida.

10. The Defendant, Thai Thai Inc., is the operator, owner and/or lessee of the business entity located at 1861 N. Pine Island Road, Plantation, Florida, and which bears the business name "Thai Thai Restaurant," a restaurant and related facilities. Thai Thai, Inc. is a Florida corporation that is authorized to, and which transacts, business in the State of Florida.

-6-

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

## COUNT I

## Americans With Disabilities Action for Injunctive Relief

11. This action arises pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act").

12. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 10 of this Complaint as if fully stated herein.

## INTRODUCTION

13. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

14. The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

15. The premises which is owned, leased to or by, and/or operated by the Defendants, and which is the subject of this action, includes a shopping plaza, salon/spa, restaurant and related facilities. These facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiff and the corporate Plaintiff organization and its members.

-7-

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

**16.** Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

**17.** The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

**18.** Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

**19.** In view of the expressed delegation, the DOJ regulations are entitled to "controlling weight, unless they are arbitrary, capricious, or manifestly contrary to the statute." ***Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.***, 467 U.S. 837, 843-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Moreover, The Supreme Court has given significant deference to the DOJ's Title III regulations. ***See Bragdon v. Abbott***, 524 U.S. 624, 646, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998) (noting with approval "the administrative guidance issued by the Justice Department to implement

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

the public accommodation provisions of Title III of the ADA. As the agency directed by Congress to issue implementing regulations, see 42 U.S.C. § 12186(b), to render technical assistance explaining the responsibilities of covered individuals and institutions, § 12206(c), and to enforce Title III in court, § 12188(b), the Department's views are entitled to deference.") (*citing* ***Chevron v. Natural Res. Defense Council, Inc.***, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). *See also,* ***Schotz v. Cates,*** 256 F.3d 1077 (11th Cir. 2001).

**20.** The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and are discriminating against the Plaintiffs and their members as a result of, *inter alia*, the following violations:[6]

> a. The Thai Thai Restaurant lacks restroom facilities complying with ADAAG 4.16 by not providing a side approach at the newly constructed restroom facility.
>
> b.   The Thai Thai restaurant lacks grab bars at the commode in violation of ADAAG 4.16.
>
> c.   The Thai Thai restaurant has restroom dispensers mounted beyond reach parameters in violation of ADAAG 4.2.
>
> d.   The Thai Thai restaurant has door hardware that is inaccessible in violation of ADAAG 4.13.9.

---

[6]Many areas were not assessed. Accordingly, the above list is not to be considered all-inclusive. A *complete* list of the subject premises' ADA violations will require an on-site inspection by Plaintiffs' expert pursuant to Rule 34(b) of the Federal Rules of Civil Procedure.

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

e. The Thai Thai restaurant lacks compliance signage at restrooms in violation of ADAAG 4.30.

f. The Thai Thai restaurant has lavatories without requisite insulation in violation of ADAAG 4.19.

g. No path of access is available for an individual who uses a wheelchair in violation of ADAAG 4.1.2(1).

h. Disabled parking spaces are not adequately disbursed in violation of ADAAG 4.6.2.

i. Doors at the Pamper Me Always Day Spa Suite 1937, are inaccessible to an individual who uses a wheelchair as no maneuvering clearances are present at locked doors and unlocked doors preclude passage by a wheelchair in violation of ADAAG 4.13.

j. Several of the disabled parking spaces are improperly marked as no delineation is provided for access aisles in violation of Fla. Stat. 553.5041.

k. No accessible route is available within the boundary of the premises from the public transportation stops and public sidewalks to the accessible entrances without compelling the individual to traverse through vehicular traffic for well over 200 feet in violation of 4.3 of the ADAAG and A4.3.1(1) of the ADAAG Appendix.

l. Detectable warnings lack requisite 70% contrast in violation of ADAAG 4.29.

21. The individual Plaintiff and the corporate Plaintiff's members have been denied access to, and have been denied the benefits of, services, programs and activities of the premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' ADA violations set forth above. Furthermore, Plaintiffs will

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

Case 0:05-cv-61400-PCH   Document 1   Entered on FLSD Docket 08/23/2005   Page 11 of 19
*Assoc. Dis. Amer., Inc., et al v. Gator Jacaranda, Inc., et al*
COMPLAINT FOR INJUNCTIVE RELIEF                                                                PAGE 11

continue to suffer such discrimination, injury and damage without the relief provided by the ADA as requested herein. Besides the individual Plaintiff's claims asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. *See Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord, Doe v. Stincer,* 175 F.3d 879 (11th Cir. 1999).

**22.**   Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action.   Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

**23.**   Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

24. The Plaintiffs demand a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiffs respectfully request the Court issue a preliminary and permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, closing the subject premises until the requisite modifications are completed, and awarding Plaintiffs their attorney fees, costs and litigation expenses incurred in this action.

## COUNT II

### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

25. This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

26. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 23 of this Complaint as if fully stated herein.

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

**27.** Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[7] and Title II of Public Law No. 101-336,[8]" subject to the additional requirements of Fla. Stat. § 553.504.

**28.** Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC). The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

**29.** In addition, Fla. Stat. § 553.502 provides that "nothing in ss. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

---

[7] 28 CFR §§ 36.101, *et seq*, 36.401, *et seq*.

[8] 42 U.S.C.A. § 12131, *et seq*.

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

30. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code.</u> The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b); (emphasis added).

31. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

32. Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common Law) that provide greater or equal

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

33.     At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

34.     Defendants breached their duty to provide access to the subject premises by Plaintiffs and thereby discriminated against Plaintiffs, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

> a.      The Thai Thai Restaurant lacks restroom facilities complying with FACBC 11-4.16 by not providing a side approach to the commode.
>
> b.      The Thai Thai restaurant lacks grab bars at the commode in violation of FACBC 11-4.16.
>
> c.      The Thai Thai restaurant has restroom dispensers mounted beyond reach parameters in violation of FACBC 11-4.2.
>
> d.      The Thai Thai restaurant has door hardware that is inaccessible in violation of FACBC 11-4.13.9.
>
> e.      The Thai Thai restaurant lacks compliant signage at restrooms in violation of FACBC 11-4.30.
>
> f.      The Thai Thai restaurant has lavatories without requisite insulation in violation of FACBC 11-4.19.
>
> g.      No path of access is available for an individual who uses a mobility device in violation of FACBC 11-4.1.2(1).
>
> h.      Disabled parking spaces are not adequately disbursed in violation of FACBC 11-4.6.2.

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

  i. Doors at the Pamper Me Always Day Spa Suite 1937, are inaccessible to an individual who uses a wheelchair as no maneuvering clearances are present at locked doors and unlocked doors preclude passage by a mobility device in violation of FACBC 11-4.13.

  j. Several of the disabled parking spaces are improperly marked as no delineation is provided for access aisles in violation of Fla. Stat. 553.5041.

  k. No path of access is available from out parcel tenants as with the bank without compelling the individual to traverse through vehicular traffic and behind parked cars in violation of Fla. Stat. 553.5041.

  l. Detectable warnings lack requisite 70% contrast in violation of FACBC 11-4.29.

  **35.** The individual Plaintiff and the corporate Plaintiff's members have been denied access to, and have been denied the benefits of, services, programs and activities of the premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above. Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage without the relief provided pursuant to the FACBC as requested herein.

  **36.** Besides the individual Plaintiff's claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. *See* ***Hunt v. Washington State Apple Advertising Commission,*** 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit

-16-

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord*, **Doe v. Stincer**, 175 F.3d 879 (11th Cir. 1999).

37.   Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205. *Cf.*, **Wesley Group Home Ministries, Inc., v. City of Hallendale**, 670 So.2d 1046 (Fla. 4th Distr. 1996).

38.   Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiffs' injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

39.   The Plaintiffs demand a non-jury trial on all issues to be tried herein.

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

**WHEREFORE**, Plaintiffs respectfully request that the Court issue a preliminary and permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, and closing the subject premises until the requested modifications are completed.

Dated: August 16, 2005.

> RHONDA A. ANDERSON, P.A.
> City National Bank Building
> 2701 South LeJeune Road, Suite 345
> Coral Gables, Florida 33134
> Telephone:  (305) 567-3004
> Facsimile:  (305) 476-9837
> E-mail:  rhoander@bellsouth.net
>
> By: _____
> RHONDA A. ANDERSON, ESQ.
> Florida Bar No.708038

-18-

RHONDA A. ANDERSON, P.A., 2701 S. LEJEUNE ROAD, SUITE 345, CORAL GABLES, FLORIDA 33134
TELEPHONE: (305) 567-3004 • FAX: (305) 476-9837

# CIVIL COVER SHEET 05-61400

The JS-44 Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I. (a) PLAINTIFFS**
ASSOCIATION FOR DISABLED AMERICANS, INC., P. MICHELLE WISNEWSKI,

**DEFENDANTS**
GATOR JACARANDA, LTD. d/b/a "Jacaranda Square," "Gator Jacaranda Square Limited Partnership," "Gator Development Corp.," and "Gator Investments," GATOR JACARANDA SQUARE LIMITED PARTNERSHIP, PAMPER ME ALWAYS DAY SPA, INC., d/b/a "Pamper Me Always," and THAI THAI INC., d/b/a "Thai Thai Restaurant",

CIV-HUCK
MAGISTRATE JUDGE GEORGE

'05 AUG 19 AM 11:
CLARENCE MADDOX
CLERK U.S. DIST.
S.D. OF FLA - MIA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
RHONDA A. ANDERSON, P.A.
2701 S. LeJEUNE ROAD
SUITE 345
CORAL GABLES, FL 33134

Broward / 05-61400-cv-Huck / Simonton

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE   MONROE   (BROWARD)   PALM BEACH   MARTIN   ST. LUCIE   INDIAN RIVER   OKEECHOBEE   HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE / PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Medical Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug-Related Seizure Of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety / Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities / Commodities / Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor / Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor / Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | ☒ 890 Other Statutory Actions A or B |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / Accommodations | B☐ 530 General | ☐ 790 Other labor Litigation | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | **42 U.S.C. 12181** |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Section 12181, et. Seq.

LENGTH OF TRIAL
Via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23
DEMAND $ Zero
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VII. RELATED CASE(S) IF ANY** (SEE INSTRUCTIONS)
JUDGE None re 42 USC §12181    DOCKET NUMBER _____

DATE 8/16/2005
SIGNATURE OF ATTORNEY OF RECORD /s/ Rhonda

RHONDA A. ANDERSON, P.A.
FLORIDA BAR NO. 708038

**FOR OFFICE USE ONLY**
RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE $250.00   MAG JUDGE 926013

08/19/05